**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RODERICK NIXON, p/k/a Nitro, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PARAMOUNT GLOBAL, INC. d/b/a BOXING SCENE, a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**<u>PLAINTIFF'S COMPLAINT FOR</u>**:<br><br>1.  COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et. seq.*);<br><br>2.  VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br><br>3.  VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

Plaintiff, Roderick Nixon ("Nitro"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1.      Nitro is a renowned professional celebrity and music photographer who has taken photographs of famous figures such as Tupac, Biggie, and P Diddy. Nitro has published thousands of original photographs in widely circulated publications such as magazines, books, CD covers, and TV shows.

2.      Nitro brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of his original photography. Defendant Paramount Global, Inc., a Delaware Corporation d/b/a "Boxing Scene" (collectively, "Paramount") unlawfully published and displayed Nitro's original photography on its website, *boxingscene.com*. Nitro at no time sought to associate his work with Defendants or any of their affiliates.

3.       This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

4.      This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq.*

5.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

6.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

7.      Nitro is an individual residing in Detroit, Michigan.

///

///

8.      Nitro is informed and believes and thereon alleges that Paramount is a Delaware corporation with headquarters at One Astor Plaza, New York, New York and is doing business within this District.

9.      Defendants Does 1 through 10, inclusive (collectively with Paramount, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10.     Nitro is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Nitro's rights and the damages to Nitro proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT PHOTOGRAPHY

11.     Nitro owns all rights in the original photograph depicted in **Exhibit A** attached hereto (the "Subject Photography").

12.     Nitro complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photography, which Nitro has registered with the United States Copyright Office.

13.    Prior to the acts complained of herein, Nitro widely publicly displayed and disseminated the Subject Photography.

14.    Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photography for financial benefit by, without limitation, reproducing the Subject Photography online for commercial benefit, including without limitation at its website *boxingscene.com*, which is owned and operated by Paramount, on a page airing a news report containing Nitro's Subject Photography. True and correct copies and screen captures of Defendants' unauthorized use and their corresponding URLs are depicted in **Exhibit B** attached hereto ("Infringing Use"). These copies and screen captures represent non-inclusive exemplars of the Infringing Use.

15.    A comparison of the Subject Photography with the corresponding images of the Infringing Use reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

16.    Upon information and belief, Nitro alleges that Defendants, and each of them, had access to the Subject Photography, including through Nitro's numerous online profiles and features, online publications and press featuring Nitro's work, Nitro's social media accounts, and/or through viewing the Subject Photography on third-party websites (e.g., media publications, internet search engines, etc.).

17.    Nitro  has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photography.

18.    Nitro previously sent Paramount a copyright infringement notice of the unauthorized use of Nitro's copyrighted work. Paramount has failed to meaningful respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

19.    Nitro repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20.    Upon information and belief, Nitro alleges that Defendants, and each of them, accessed the Subject Photography by, without limitation, viewing the Subject Photography as it was publicly displayed. Access is additionally evidenced by Subject Photography's exact reproduction in the Infringing Use seen below.

21.    Upon information and belief, Nitro alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography as seen, without limitation, in the screen captures attached hereto as **Exhibit B**.

22.    Upon information and belief, Nitro alleges that Defendants, and each of them, infringed Nitro's copyrights by creating infringing derivative works from the Subject Photography and publishing same to the public.

23.    Due to Defendants', and each of their, acts of infringement, Nitro has suffered actual, general, and special damages in an amount to be established at trial.

24.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Nitro's rights in the Subject Photography. As such, Nitro is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photography in an amount to be established at trial.

25.    Nitro is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory

damages, claims for costs and attorneys' fees, and/or a preclusion from deducting
certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all
Defendants, and Each)

26.     Nitro repeats, re-alleges, and incorporates herein by reference as
though fully set forth, the allegations contained in the preceding paragraphs of this
Complaint.

27.     Upon information and belief, Nitro alleges that Defendants knowingly
induced, participated in, aided and abetted in and profited from the illegal
reproduction and distribution of the Subject Photography as alleged hereinabove.
Such conduct included, without limitation, publishing copies obtained from third
parties that Defendant(s) knew, or should have known, were not authorized to be
published by Defendant(s); publishing the Infringing Use on affiliate, third-party,
and social media sites; and distributing the Infringing Use to third parties for
further publication.

28.     Nitro is informed and believes and thereon alleges that Defendants,
and each of them, are vicariously liable for the infringement alleged herein because
they had the right and ability to supervise the infringing conduct and because they
had a direct financial interest in the infringing conduct. Specifically, each
Defendant had the ability to oversee the development, publication, and distribution
of the infringing imagery at issue. And, Defendants, and each of them, realized
profits through their respective obtainment, marketing and distribution of the
Infringing Use.

29.     By reason of Defendants', and each of their, acts of contributory and
vicarious infringement as alleged above, Nitro has suffered and will continue to
suffer substantial damages to his business in an amount to be established at trial, as

well as additional actual, general, and special damages in an amount to be established at trial.

30.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Nitro's rights in the Subject Photography. As such, Nitro is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photography, in an amount to be established at trial.

31.    Nitro is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

32.    Nitro repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

33.    The Subject Photography were routinely published without attribution, credit, and other copyright management information identifying Nitro as the author.

34.    Upon information and belief, Nitro alleges that Defendants, and each of them, removed Nitro's copyright management information, as described above, from the Subject Photography, and/or added false copyright management information to the Subject Photography on the Infringing Use.

35.    Upon information and belief, Nitro alleges that Defendants, and each of them, distributed and published the Subject Photography on website(s), including but not limited those sites reflected in **Exhibit B** hereto, having removed

Nitro's attribution information, including without limitation his name and/or metadata.

36.    The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

37.    When Defendants distributed and published the Subject Photography, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

## Against All Defendants

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photography.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are  available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

d. That a trust be entered over all Infringing Uses, and all profits realized through the sales and distribution of said work;

///

e. That Defendants, and each of them, be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same.

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.


Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


Respectfully submitted,


Dated: June 20, 2023          By:  */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
scott@donigerlawfirm.com
Telephone: (310) 590-1820
*Attorney for Plaintiff*